IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-205-D

LORD CORPORATION,                        )
                                         )
                Plaintiff,               )
                                         )
        v.                               )          **ORDER**
                                         )
S&B TECHNICAL PRODUCTS, INC.,            )
TERRAMIX S.A., and MARK A. WEIH,         )
                                         )
                Defendants.              )

This case come before the court on the motion (D.E. 170) by plaintiff Lord Corporation

("plaintiff") to compel defendants Terramix S.A. ("Terramix") and Mark A. Weih ("Weih")

(collectively "defendants") to provide complete responses to plaintiff's third set of interrogatories

to each of them or, in the alternative, for leave to propound additional interrogatories. Terramix

answered none of the interrogatories in the third set and Weih answered only the first (Interrogatory

No. 25). Both defendants objected that the interrogatories they did not answer exceeded the 50-

interrogatory limit established by the Scheduling Order. (*See* Sched. Order (D.E. 123) 1, adopting

Jt. Disc. Plan (D.E. 105) ¶ 3.b). By its motion, plaintiff challenges this objection by defendants.

Plaintiff supports its motion with a memorandum (D.E. 171), a declaration of its counsel

(D.E. 170-1 at 1-2), copies of pertinent interrogatories to defendants (D.E. 170-1 at 3-39; D.E. 170-2;

D.E. 170-3 at 1-80), correspondence between counsel (D.E. 170-3 at 71-81), and charts (D.E. 170-4,

-5).[1]  Defendants filed a memorandum in opposition to the motion (D.E. 175) supported by

interrogatories (D.E. 175-1 through -4; D.E. 175-6, -7), interrogatory responses (D.E. 175-9, -10,-

---

[1] At least in the present context, the charts were a particularly effective means of presenting relevant information regarding the interrogatories in issue.

12), and correspondence between counsel (D.E. 175-5, -8, -11).[2] The court heard brief argument on the motion at the most recent status conference in this case. Notably, although the motion seeks relief with respect to plaintiff's third set of interrogatories, given the nature of defendants' objection, the focus of the parties' filings and this Order is necessarily on the earlier sets of interrogatories.

After careful consideration of each of the interrogatories in issue, the parties' memoranda and supporting filings, the argument presented at the status conference, and relevant authorities, the court ALLOWS the motion for the reasons and on the terms set forth below:

1.      Interrogatory No. 10 to Weih seeks the identity of each individual with whom Weih communicated concerning the "development, production, and sale" of Kemibond. The interrogatory goes on to request information regarding the substance of the communications. Because the focus of this interrogatory is on communications with individuals, including the substance of the communications, rather than the "development, production, and sale" of Kemibond per se, the court finds that the interrogatory is appropriately treated as a single interrogatory. *See* Fed. R. Civ. P. 33, Advisory Committee Notes, 1993 Amend., subdiv. (a) ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.").

2.      Interrogatory No. 12 to Terramix seeks information regarding the development, marketing, and sales of certain Kemibond products. The court believes that development is appropriately treated as an area distinct from that of marketing and sales for purposes of this interrogatory. Development entails creation of a product; marketing and sales entail the promotion

---

[2] For ease of reference, the court notes that the interrogatories to Weih can be found at the following docket entries: Nos. 1-11 (First Set), D.E. 175-2; Nos. 12-24 (Second Set), D.E. 175-4; and Nos. 25-41 (Third Set), D.E. 175-7. The interrogatories to Terramix can be found at the following docket entries: Nos . 1-24 (First Set), D.E. 175-1; Nos. 25-37 (Second Set), D.E. 175-3; and Nos. 38-47 (Third Set), D.E. 175-6.

and effectuation of purchases of products by customers. The court does not believe marketing and sales are sufficiently distinct in the present context to warrant their being treated as discrete separate areas of inquiry. This interrogatory shall therefore be deemed to contain two subparts and shall count as two interrogatories.

      3.      Interrogatories Nos. 12-16, 18, 19, 22, 23, 25 to Weih and Interrogatories Nos. 25, 27-32, 34, 35 to Terramix seek information regarding the "development, manufacture, and production" of Kemibond products, using either the quoted phrase or equivalent language, such as "developing, manufacturing, and producing" Kemibond products. The court finds that while manufacture and production are sufficiently related to be treated as a single topic, development should be deemed a distinct activity for purposes of these interrogatories. Manufacture and production concern the making of quantities of a product for sale, whereas development concerns the separate activity of initial creation of the product. Interestingly, Interrogatory No. 23 to Weih appears to distinguish these processes in this very manner. It reads in relevant part: "Identify each person you consulted with . . . relating to the I) *creation or development* of Kemibond; or ii) the design, sequence, or process used to *manufacture or produce* Kemibond . . . ." (Int. No. 23 to Weih) (emphasis added). Therefore, each of the foregoing interrogatories shall be counted as two interrogatories, the request for information regarding the manufacture and production of Kemibond being deemed one subpart and the request regarding development of Kemibond being deemed a separate subpart.

      4.      Interrogatory No. 17 to Weih, which seeks information about how constituent materials are mixed, shall be deemed one interrogatory because of the close relationship among the

3

specific types of information sought. In particular and contrary to defendants' contention, the inquiry regarding equipment shall not be considered a separate subpart.

5.      Interrogatory No. 21 to Weih and Interrogatories Nos. 14, 19, 23, and 37 to Terramix include a request that the respective defendants identify particular documents relating to the subject matter of the interrogatory. Defendants rely on *Banks v. Office of the Senate Sergeant-At-Arms & Doorkeeper*, 222 F.R.D. 7, 10 (D.D.C. 2004) for the proposition that a request for the identification of responsive documents constitutes a separate request. The court agrees with respect to the specific interrogatories at issue here. The request for identification of documents in each of these interrogatories shall therefore be deemed as a separate subpart, meaning that each of these interrogatories shall be counted as two interrogatories.

6.      Interrogatory No. 24 to Weih requests that he state which ingredient(s) or combination of ingredients he considers to "be indispensable in (i) achieving a significant difference in performance or cost between the Kemibond products and the Chemlok counterparts; and (ii) in distinguishing or differentiating the Kemibond products from their Chemlok counterparts." Although defendants contend that this interrogatory seeks information regarding ingredients and marketing, plaintiff makes clear in its memorandum that the sole focus of the interrogatory is the ingredients that distinguish Kemibond products. This interrogatory shall therefore be considered a single interrogatory.

7.      Interrogatory No. 3 to Terramix requests information about the identity of Terramix's owners, officers, and directors. Given the close relationship among the items of information sought, each relating directly to the identity of the people who control Terramix, this interrogatory shall be deemed to constitute a single interrogatory.

4

8.    Interrogatory No. 11 to Terramix concerns what the court deems to be a single topic—namely, alleged complaints relating to defective gaskets. This interrogatory shall therefore be counted as a single interrogatory.

9.    Interrogatory No. 14 to Terramix seeks information about the selection and use of the Kemibond Designation, and the identification of documents related to these issues. The request for the identification of documents constitutes a separate subpart. This interrogatory shall therefore be counted as two interrogatories.

10.    Interrogatory No. 15 to Terramix requests information about companies to which Terramix sold, or marketed or attempted to sell Kemibond. As previously discussed, the court does not deem sales and marketing, including attempts to sell, discrete separate subjects for purposes of the interrogatories before it. This interrogatory shall therefore be counted as a single interrogatory.

11.    Interrogatory No. 26 to Terramix seeks information concerning the steps Terramix employs to manufacture Kemibond. While defendants contend that it seeks information concerning the general manufacturing process as well as a separate inquiry as to how primers and adhesives are used in the manufacturing process, the court agrees with plaintiff that the interrogatory concerns a single area of inquiry—namely, the specific steps employed to manufacture Kemibond. This interrogatory shall accordingly be counted as a single interrogatory.

12.    Based on the foregoing determinations, the court concludes that the interrogatories included in plaintiff's third set of interrogatories to Weih that he has not already answered, Interrogatories Nos. 26-41, do not exceed the limit of 50 established by the Scheduling Order. Weih's objection to these interrogatories on that ground is therefore OVERRULED. Weih shall

5

serve on plaintiff complete answers to Interrogatories Nos. 26-41 from plaintiff no later than 4 August 2010, subject only to objections based on privilege, including the work-product doctrine.

13.     Based on the foregoing determinations, the court also concludes that the interrogatories included in plaintiff's third set of interrogatories to Terramix, Interrogatories Nos. 38-46, do not exceed the limit of 50 established by the Scheduling Order. Terramix's objection to these interrogatories on that ground is therefore OVERRULED. Terramix shall serve on plaintiff complete answers to Interrogatories Nos. 38-46 from plaintiff no later than 4 August 2010, subject only to objections based on privilege, including the work-product doctrine.

14.     Given the court's determination that the interrogatories in question do not exceed the 50-interrogatory limit established in the Scheduling Order, plaintiff's alternative motion to allow it to exceed that limit is DENIED as MOOT.

15.     Each side shall bear its own expenses incurred in connection with the motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

SO ORDERED, this 19th day of July 2010.

James E. Gates
United States Magistrate Judge

6