IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-205-D

| | | |
|---|---|---|
| LORD CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S&B TECHNICAL PRODUCTS, INC., | ) | |
| TERRAMIX S.A., and MARK A. WEIH, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 195) by defendants S&B Technical Products, Inc. ("S&B"), Terramix S.A. ("Terramix") and Mark A. Weih ("Weih") (collectively "defendants"), pursuant to Fed. R. Civ. P. 26(c), for a protective order relieving them of the obligation to produce certain information, including documents, requested by plaintiff Lord Corporation ("plaintiff") during discovery. In support of their motion, defendants filed a memorandum (D.E. 196) and exhibits (D.E. 195-1 through 195-5). Plaintiff has filed a memorandum (D.E. 203) and a declaration (D.E. 204) with exhibits (D.E. 204-1 through 204-7) in opposition. The motion was referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion will be allowed in part and denied in part.

## BACKGROUND

In this action, commenced on 9 May 2009, plaintiff alleges that S&B and Terramix, working with plaintiff's former employee Weih, misappropriated proprietary trade secrets relating to plaintiff's Chemlok brand of primers and adhesives, and were able to manufacture and distribute a substantially similar primer and adhesive product named Kemibond. (Am. Compl. (D.E. 25), *e.g.*,

¶¶ 17, 29, 37, 38, 40).[1] Plaintiff asserts claims for trade secret misappropriation, unfair and deceptive trade practices, unfair competition, and violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), among other claims. (*Id., e.g.*, 1). Defendants deny the material allegations in the amended complaint, and Terramix asserts counterclaims for declaratory relief, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. (*See generally* Defs.' Ans. and Counterclaims (D.E. 101)).

On 8 May 2009, one day before plaintiff commenced this action, E.I du Pont de Nemours and Company ("DuPont") announced that a product it produced named Hypalon would be discontinued. (Defs.' Mem. (D.E. 196) 1; Pl.'s Opp. Mem. (D.E. 203) 3). Hypalon is the brand name of DuPont's chlorosulfonated polyethylene ("CPSE"), a core ingredient of both Chemlok and Kemibond. (Defs.' Mem. 1).

Plaintiff has pursued discovery, including production requests[2] and deposition examination, concerning defendants' identification and use of a replacement CPSE for Hypalon after DuPont's announcement. By their motion, defendants seek protection from such discovery.

## DISCUSSION

### A. Applicable Standards for Discovery and Protective Orders

Rule 26 allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b). The rules of discovery,

---

[1] The original complaint (D.E. 1) misidentified S&B (*see* D.E. 20) and the court granted plaintiff leave to amend the complaint to correct the error (D.E. 23). Plaintiff filed an amended complaint on 29 May 2009 (D.E. 24) and then a corrected version of it (D.E. 25) on 1 June 2009.

[2] Two such production requests, which are identical, are requests no. 83 and 109 to Terramix (D.E. 195-1 at 3, 5), which seek: "All documents relating to any steps taken by Terramix to replace DuPont's Hypalon product with a substitute material in its Kemibond products, including but not limited to any communications with third parties relating to Hypalon or a comparable substitute material."

including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000). Relevant information need not be admissible at trial if the discovery sought appears reasonably calculated to lead to the discovery of admissible evidence. *See id.*; *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (defining relevance as "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party'") (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *Hinton v. Conner*, 225 F.R.D. 513, 515 (M.D.N.C. 2005) (Rule 26 provides that "a party may obtain discovery of any non-privileged matter relevant to a claim or defense, but that such information need not be admissible at trial so long as it appears to be 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fed. R. Civ. P. 26(b)(1)). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Rodger v. Elec. Data Sys., Corp.*, 155 F.R.D. 537, 539 (E.D.N.C. 1994) (citations omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless, and the court has the discretion to set appropriate limits on the discovery permitted. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992); *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005).

Rule 26 expressly provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.

R. Civ. P. 26(c)(1). A protective order may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* (c)(1)(G). The burden of showing the good cause required for issuance of a protective order rests on the moving party. *Ikon Office Solutions, Inc. v. Konica Minolta Business Solutions, U.S.A., Inc.*, Civ. No. 3:08-CV-539-RLV-DCK, 2009 WL 4429156, at *2 (W.D.N.C. 25 Nov. 2009). Specifically, the movant must show, by a demonstration of facts and not mere conclusory or speculative statements, that the information sought is covered by the rule and that it would be harmed by disclosure. *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C.1991). If this showing is made, the party seeking discovery must establish that the information is sufficiently necessary and relevant to its case to outweigh the harm of disclosure. *In re Wilson*, 149 F.3d at 252.

**B.   Analysis of Defendants' Motion**

Defendants seek protection from discovery regarding their possible replacement of Hypalon in Kemibond after the DuPont announcement, in part, on the grounds that that matter is irrelevant. They argue that because plaintiff has not asserted the use of any non-Hypalon or reformulated CPSE as a trade secret, any steps taken by Terramix to replace Hypalon do not relate to any of plaintiff's claims. Defendants also base their motion on the contention that identification of a replacement for Hypalon and its supplier is extremely sensitive commercial information given the shortage created by DuPont's decision to terminate its production. Therefore, discovery by plaintiff on this topic would purportedly be tantamount to a fishing expedition into defendants' most sensitive commercial affairs.

Plaintiff does not directly dispute the sensitive commercial nature of defendants' selection

4

of a replacement for Hypalon. It does contend, though, that the selection is relevant to a number of issues in the case and is otherwise discoverable. Much of plaintiff's argument is unconvincing.

For example, plaintiff argues that defendants' choice of a Hypalon substitute could reveal whether they misappropriated plaintiff's proprietary know-how regarding the CPSE best suited for products like Chemlok. But the choice of which formulation of Hypalon defendants used in Kemibond prior to the DuPont announcement should provide the same information without presenting the confidentiality concerns defendants have raised. Moreover, the choice of Hypalon formulation relates more closely to the time period and specific events covered by the amended complaint.

Plaintiff also contends that it is entitled to know of changes in the formula for Kemibond because they could be evidence of attempts by defendants to conceal misappropriation of plaintiff's trade secrets. There appears to be no dispute, however, that DuPont announced its cessation of production of Hypalon and that its Hypalon customers, including both plaintiff and defendants, would have to find another source for CPSEs. Plaintiff's contention of possible concealment by defendants is speculative. Plaintiff certainly has not shown that its commencement of this litigation entitles it to essentially unfettered access, through discovery, to changes defendants make in the formulation of Kemibond.

Plaintiff also contends that defendants have waived any objection to discovery about their replacement of Hypalon because they have already responded to inquiries about it in discovery[3] and

---

[3] *See, e.g.*, Dep. of Bradford Corbett, Jr. 69:21-73:16 (D.E. 204-6 at pp. 4-5).

have themselves served a production request seeking similar information from plaintiff.[4] The court disagrees. The information defendants have produced is not the type of detailed information about their replacement of Hypalon that plaintiff seeks. Defendants' discovery requests deal specifically with DuPont's cessation of production of Hypalon and not plaintiff's replacement of it per se. In any event, defendants' conduct cannot reasonably be interpreted as an intentional waiver of the objections they now assert to the scope of discovery sought from them regarding their replacement of Hypalon.

Plaintiff further argues that any confidentiality concerns defendants have can be addressed by the Protective Order (D.E. 51) that is in place in this case. But the presence of a protective order does not eliminate the confidential commercial nature of information as a factor in its disclosure to representatives of an opposing party that is a business competitor. Nor does the presence of a protective order resolve issues of relevance.

One contention advanced by plaintiff does appear to have merit—that defendants' replacement of Hypalon is relevant to defendants' ability to produce Kemibond in sufficient quantities to sell to third parties and thereby the damages and injunctive relief to which defendants are potentially subject. The replacement issue is relevant to the relief awardable against defendants because they have represented that the difficulty of replacing Hypalon would likely preclude them from being able to produce Kemibond for third-party sales. (*See, e.g.*, Transcript of 5 Aug. 2009 Hrg. 39:13-23 (D.E. 204-2 at p. 5) ("It is our view that based on the supply of the ingredients that it would not be in marketing or sales activities to third parties, only internal use by the defendant

---

[4] Weih's 1st Req. for Prod. of Docs. to Pl., no. 14 (D.E. 195-2 at p. 3) ("All documents relating to DuPont's ceasing manufacture or sales of any of its Hypalon products.").

Terramix."); 5 June 2009 Weih Dec. (D.E. 52) ¶¶ 52 ("[Because] DuPont is closing its Beaumont, TX facility which supplies this raw material . . . Terramix will be hard pressed to acquire enough raw materials for internal use, much less try to expand its external sales."), 53 ("Terramix is focused primarily on making these products for its internal use, and the coming raw material shortage from the Dupont closing will only reinforce this internal focus.")). Defendants therefore have themselves made their replacement of Hypalon relevant to the issue of the relief that could be awarded against them.

In sum, the court finds that defendants have made an adequate showing that Rule 26(c) applies to most of the information sought by plaintiff and that they would be harmed by disclosure of the information. Plaintiff has failed to show that the information is sufficiently necessary or relevant to outweigh defendants' interest in its confidentiality, except as to the continued validity of defendants' representations regarding the effect of the cessation of DuPont's production of Hypalon on their ability to sell Kemibond to third parties.

## CONCLUSION

Defendants' motion for a protective order (D.E. 195) is ALLOWED IN PART and DENIED IN PART on the following terms:

1. Plaintiff may obtain discovery regarding the extent to which defendants' representations remain valid that the cessation of DuPont's production of Hypalon will likely prevent defendants from making sales of Kemibond to third parties. The discovery permitted shall be at the same level of generality as the representations previously made by defendants or those associated with them. Examination at defendants' upcoming Rule 30(b)(6) depositions should be sufficient to meet any perceived need for discovery arising from this Order. This ruling specifically does not

7

Case 5:09-cv-00205-D   Document 316   Filed 10/27/10   Page 7 of 8

permit plaintiff to obtain the identity of any replacement suppliers of CPSEs being used by defendants or to propound any additional written discovery requests on this topic.

2. Except as provided in paragraph 1 above, defendants, for good cause shown, shall not be required to provide in discovery information, including documents, regarding their replacement of Hypalon in the production of Kemibond following the 8 May 2009 announcement by DuPont of its cessation of production of Hypalon. The discovery requests to which this restriction applies include but are not limited to plaintiff's requests for production no. 83 and 109 to Terramix.

3. The court finds that circumstances would make the award of expenses unjust, and each party shall therefore bear its own costs incurred on defendants' motion. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5)(C).

Because this Order contains information that may be considered confidential by a party, the Clerk is directed to file it under temporary seal. Any party wishing this Order to remain under permanent seal shall file a motion seeking such relief by 10 November 2010. Any response to such a motion shall be filed by 17 November 2010. In the event no party files a motion to permanently seal this Order by 10 November 2010, the Clerk shall unseal it without further order of the court. In the event a motion to seal is timely filed, this Order shall remain under temporary seal pending ruling on the motion.

SO ORDERED, this 27 day of October 2010.

James E. Gates
United States Magistrate Judge