IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-205-D

| | | |
|---|---|---|
| LORD CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S&B TECHNICAL PRODUCTS, INC., | ) | |
| TERRAMIX S.A., and MARK A. WEIH, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motion (D.E. 270) by defendant Terramix S.A. ("Terramix") to amend its counterclaim. In support of its motion, Terramix filed a memorandum (D.E. 271), the proposed amended counterclaim (D.E. 270-1), and other exhibits (D.E. 270-2 through 270-12). Plaintiff Lord Corporation ("plaintiff") filed a memorandum (D.E. 292), several declarations (D.E. 293, 294, 295), and other exhibits (D.E. 292-1 through 292-16) in opposition. Terramix subsequently filed a memorandum (D.E. 306) and several declarations (D.E. 304 and 305) with exhibits (D.E. 304-1 and 304-2; D.E. 305-1 through 305-28) in reply. The motion was referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). The court has carefully reviewed all the parties' submissions. For the reasons set forth below, the motion will be granted.

## BACKGROUND

In this action, commenced on 9 May 2009, plaintiff alleges that Terramix and defendant S&B Technical Products, Inc. ("S&B"), working with plaintiff's former employee defendant Mark A. Weih ("Weih") (collectively with Terramix and S&B, "defendants"), misappropriated proprietary trade secrets relating to plaintiff's Chemlok brand of primers and adhesives, and were able to

manufacture and distribute a substantially similar primer and adhesive product named Kemibond. (Am. Compl. (D.E. 25), *e.g.*, ¶¶ 17, 29, 37, 38, 40).[1] Plaintiff asserts claims for trade secret misappropriation, unfair and deceptive trade practices, unfair competition, and violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), among other claims. (*Id.*, *e.g.*, 1).

Defendants filed an answer on 19 August 2009 denying the material allegations in the amended complaint. (*See generally* Defs.' Ans. and Counterclaim (D.E. 101) 1-29)). In the same pleading, Terramix asserted counterclaims for declaratory relief, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. (*See id.* 30-40). The counterclaims arise out of alleged deficiencies in products Terramix purchased from plaintiff and used in its production of gaskets. Plaintiff filed (and served) an answer (D.E. 103) to the counterclaims on 8 September 2009 denying Terramix's material allegations.

By its present motion, Terramix seeks to amend its counterclaims to add a claim against plaintiff for unfair and deceptive trade practices pursuant to the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 ("UDTPA"). (*See* Proposed 1st Am. Counterclaim). Terramix filed the motion on 17 September 2010. The Scheduling Order provided that "[m]otions . . . to amend pleadings must be made promptly after the information giving rise to the motion becomes known, but in no event later than 1 April 2010." (Sched. Order (D.E. 123) ¶ 11). The deadline for all fact discovery at the time Terramix filed its motion was 29 October 2010 (*see* Order (D.E. 207) ¶ 1), although on 15 October 2010 (*see* Order (D.E. 301) 2) the deadline for taking depositions under Fed. R. Civ. P. 30(b)(6) was extended to 15 November 2010.

---

[1] The original complaint (D.E. 1) misidentified S&B (*see* D.E. 20), and the court granted plaintiff leave to amend the complaint to correct the error (D.E. 23). Plaintiff filed an amended complaint on 29 May 2009 (D.E. 24) and then a corrected version of it (D.E. 25) on 1 June 2009.

**DISCUSSION**

As indicated, Terramix filed its motion to amend after the deadline established in the Scheduling Order. Such a motion must meet the requirements for modification of the case schedule under Rule 16 of the Federal Rules of Civil Procedure in addition to the requirements for amendment of pleadings under Rule 15 of the Civil Rules. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Plaintiff contends that Terramix's motion fails to meet both standards. The court turns first to the analysis under Rule 16.

A.    **Compliance with Rule 16**

Rule 16 provides that "[a] schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause modification provision specific to Rule 16(b)(4) takes precedence over the generally applicable extension provisions of Rule 6(b)(1). *E.g., Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000). The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co.*, 986 F. Supp. at 980; *see also Weaver v. Real Estate Funding, L.L.C.*, No. JKS 09-101, 2010 WL 1137504, at *1 (D. Md. 19 Mar. 2010) (holding that primary considerations of good cause standard is diligence of movant and focus must be on reasons for seeking modification); Fed. R. Civ. P. 16(b), advisory committee's note – 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel

3

without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me.1985)).

The Fourth Circuit has found that good cause exists when "*some* of the evidence needed by [a movant] to prove its new . . . claim did not surface until after the amendment deadline." *In re Lone Star Indus., Inc.*, 19 F.3d 1429 (Table), 1994 WL 118475 at *11 (4th Cir. 7 Apr. 1994) (emphasis in original); *accord Tawwaab v. Virginia Linen Service, Inc.*, --- F. Supp. 2d ----, 2010 WL 3000801, at *4 (D. Md. 28 July 2010) ("The Fourth Circuit has noted that a finding of 'good cause' is justified under Rule 16(b) where at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." (citing *Lone Star*)).

The court finds that portions of the evidence needed by Terramix to prove its UDTPA counterclaim came to light after the 1 April 2010 amendment deadline. (*See* Proposed 1st Am. Counterclaim ¶¶ 72, 73, 81.a, 135.b, e). Such evidence includes that relating to the corrosion problems plaintiff's customer Paulstra experienced with one of plaintiff's products that Terramix also used, CH8210. This evidence was not disclosed until the 9 September 2010 deposition of plaintiff's employee Pat Warren. Plaintiff itself acknowledges that "Terramix may not have been aware of the Paulstra issues before the Warren deposition," although it contends that such evidence cannot reasonably be interpreted as relevant to the corrosion problems Terramix had. (Pl.'s Mem. (D.E. 292) 16). The court disagrees and finds, for the reasons advanced by Terramix, that the Paulstra experience can plausibly be interpreted as bearing on that of Terramix. (*See* Terramix's Reply Mem. (D.E. 306) 9-10).

Evidence needed by Terramix was also provided in the deposition of plaintiff's scientist Helmut Kucera, which was completed on 5 August 2010 and the transcript for which was not

4

received by Terramix's counsel until 20 August 2010. (*See* Proposed 1st Am. Counterclaim, *e.g.*, ¶¶ 30, 33, 35-40, 54; Dec. of Stephen A. Martin (D.E. 305) ¶¶ 44-46; Terramix's Reply Mem. 4-5, 8). In addition, the apparent overdesignation by plaintiff of some evidence relating to the proposed amended counterclaim as "Highly Confidential" prevented Terramix's counsel from discussing it with its client until after the deadline for amendment. (*See generally* Protective Order (D.E. 51) §§ 4, 5, 8, 9). Terramix was thereby impeded in bringing its proposed amendment earlier than it did.

Such evidence includes a technical report by plaintiff dated 5 February 2005 (D.E. 270-8) relating to corrosion problems Terramix was experiencing. Plaintiff designated the report as "Highly Confidential" when it initially produced the report in March 2009 and did not change the designation to "Confidential," thereby allowing Terramix's counsel to share it with Terramix personnel, until 29 July 2010, after Terramix had attempted unsuccessfully to negotiate its redesignation and then moved for the redesignation. (*See* Martin Dec. ¶¶ 21-23, 29-31, 33 & exs. cited therein).

Plaintiff correctly points out that some of the documents designated "Confidential" that it purportedly produced prior to the amendment deadline and even some produced by Terramix contained information also found in the report. But the references in most of these documents to the ultimate conclusion that plaintiff's product CH8210 was the cause of corrosion problems Terramix was experiencing were cryptic, consisting of a simply a sentence or partial sentence. (*See, e.g.*, D.E. 292-5 at p. 4; D.E. 292-6 at p. 3; D.E. 292-7 at p. 2; D.E. 293-1 at p. 2). There was also a powerpoint on the report produced by plaintiff, but it was designated "Highly Confidential (D.E. 292-4)" and is not a substitute for the report itself.

It merits emphasis that the production of documents before the amendment deadline that support the amendment does not deprive Terramix of good cause for filing the amendment after the

5

deadline. Indeed, Terramix itself acknowledges that it relies on some documents produced before the deadline. (*See* Terramix's Reply Mem. 4). Rather, as the *Lone Star* court held, production of some evidence needed to prove the new claims after the amendment deadline justifies a finding of good cause.

Terramix demonstrated adequate diligence in moving for amendment after the requisite information was disclosed. For example, the information regarding Paulstra came to light in a deposition (on 9 September 2010) just eight days before Terramix filed its motion (on 17 September 2010). The Kucera deposition transcript became available (on 20 August 2010) less than a month before the motion was filed. Significantly, plaintiff filed its motion prior to the general deadline for fact discovery and appreciably so, about a month and a half, and prior to the deadline for dispositive motions.

In evaluating Terramix's diligence in moving for amendment, the court has considered the principle that a UDTPA claim requires more than a breach of contract. "[A] mere breach of contract does not give rise to a claim under Section 75-1.1." *Dealers Supply Co., Inc. v. Cheil Indus., Inc.*, 348 F. Supp. 2d 579, 591 (M.D.N.C. 2004) (citing *South Atlantic Ltd. P'ship of Tenn., L.P. v. Riese*, 284 F.3d 518, 536 (4th Cir.2002) (ruling that a breach of contract must be particularly egregious to permit recovery under Section 75-1.1); *Branch Banking and Trust Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992)). Indeed, the acts alleged must be in some way egregious or aggravating to support a claim under UDTPA. *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989); *Allied Distribs. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993). These substantive standards called for a more probing identification and evaluation of relevant

6

evidence than would otherwise have been the case, particularly where a series of unfair and deceptive practices over a period of years in a highly technical field is being alleged.

The court concludes that Terramix has demonstrated good cause for seeking the proposed amendment after the amendment deadline in the Scheduling Order. The court will therefore turn to whether the amendment meets the requirements of Rule 15.

### B. Compliance with Rule 15

After a responsive pleading is served, as here, Rule 15(a)(2) permits a party to amend its pleading only with written consent or leave of court. Fed. R. Civ. P. 15(a)(2).[2] The rule further provides that the court "should freely give leave when justice so requires." *Id.* Rule 15 is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Intown Props. Mgmt., Inc. v. Transcom, Ins. Co.*, 271 F.3d 164, 170 (4th Cir. 2001) (holding that Rule 15 should be construed liberally "so that claims can be adjudicated on the merits"). Leave to amend is to be granted in the absence of (1) futility, (2) bad faith, or (3) undue prejudice to the opposing party. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). The court will examine each of these factors in turn.

An amendment is deemed to be futile if it would not withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (holding if amended complaint could not withstand motion to dismiss, motion to amend should be denied as futile). In other words, "[a] denial based on futility should only be granted when the proposed amendment is clearly insufficient

---

[2] The 21-day period after service of plaintiff's answer to the counterclaims (in September 2009) in which Terramix could have amended as of right had expired long before it filed the instant motion (in September 2010). *See* Fed. R. Civ. P. 15(a)(1)(B).

7

or frivolous on its face." *Johnson v. Oroweat Foods Co.* 785 F.2d 503, 510 (4th Cir. 1986); *Rambus, Inc. v. Infineon Tech., AG*, 304 F. Supp. 2d 812, 819 (E.D.Va. 2004) ("Courts generally favor the 'resolution of cases on their merits.' . . . Thus the substantive merits of a proposed claim are typically best left for later resolution, e.g., under motions to dismiss or for summary judgment . . . or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). In making this determination, "[t]he court must accept all allegations in the amended . . . [pleading] as true and must draw all reasonable inferences in favor of the . . . [pleader]." *Turbomin AB v. Base-X, Inc.*, No. 6:09cv7, 2009 WL 1850614, at *2 (W.D. Va. 29 June 2009); *see also Belton v. Dodson Bros. Exterminating Co., Inc.*, No. 1:09CV106, 2009 WL 3200035, at *1 (M.D.N.C. 30 Sept. 2009) ("In ruling on a motion to amend, a court should only delve into the merits when it is absolutely clear that the amendment is frivolous.").

The proposed UDTPA counterclaim has not been shown to be futile. The essential elements of the counterclaim are adequately pled: that plaintiff engaged in acts that were unfair and/or deceptive, the acts were in or affecting commerce, and the acts were the proximate cause of injury to Terramix. *See* N.C. Gen. Stat. § 75-1.1(a); *acccord Kelly v. Georgia-Pacific LLC*, 671 F. Supp. 2d 785, 798 (E.D.N.C. 2009); *see also Bartolomeo,* 889 F.2d at 535 (holding that the acts alleged must be in some way egregious or aggravating); *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 263, 266 S.E.2d 610, 621 (1980) (overruled on other grounds) (holding that an act is unfair "when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers").

There has also been no showing of the next possible ground for denial of the amendment—bad faith. Plaintiff contends that the UDTPA counterclaim is simply a means for

8

Terramix to evade the statute of limitations on its other counterclaims. But the UDTPA counterclaim is adequately alleged as a stand-alone claim, and Terramix argues that plaintiff has waived any statute of limitations defense it may have had.

Plaintiff's principal contention under Rule 15 relates to the final factor—undue prejudice resulting from the amendment. Plaintiff argues that addition of the UDTPA counterclaim would seriously prejudice it primarily because it would not have had the opportunity to conduct discovery needed to adequately defend against the counterclaim. The court is sensitive to plaintiff's concerns and recognizes that Terramix's motion, although sufficiently timely, was filed during the latter portion of the discovery period. Nevertheless, many of the facts upon which the UDTPA counterclaim rests concern plaintiff's own conduct and should not require discovery. In addition, plaintiff will have the opportunity to obtain testimony concerning the UDTPA counterclaim at the depositions of defendants being taken in this case pursuant to Fed. R. Civ. P. 30(b)(6). The court will also leave open the possibility for the parties to conduct further discovery regarding the UDTPA counterclaim after the Rule 30(b)(6) depositions upon a showing of good cause. The court believes these measures adequately address the undue prejudice plaintiff contends the proposed amendment would cause it.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED as follows:

1. Terramix's motion (D.E. 270) for leave to amend its counterclaim is GRANTED.

2. Terramix shall file its first amended counterclaim as proposed (*see* D.E. 270-1) as soon as practicable, but in no event later than 5 November 2010.

3. The parties shall, to the extent practicable, obtain any additional discovery they believe they need concerning the newly added UDTPA counterclaim through the Rule 30(b)(6) depositions to be conducted in this case.

4. Plaintiff shall file its answer or other response to the first amended counterclaim no later than 17 November 2010.

5. Following completion of the Rule 30(b)(6) depositions, the parties shall confer regarding the need for any additional discovery concerning the UDTPA counterclaim and by 22 November 2010 shall file a report on their conference. The report shall certify that the conference was held; state whether any party seeks additional discovery on the UDTPA counterclaim; and, if so, identify the specific discovery sought, provide a showing of good cause for such discovery, and specify the proposed deadlines for completion of any such discovery. If the parties are unable to reach agreement on a plan for any additional discovery, they may file separate reports.

6. The deadline for filing dispositive motions shall be held in abeyance pending entry of an order on the report(s) provided for in paragraph 5 above.

Because this Order contains information that may be considered confidential by a party, the Clerk is directed to file it under temporary seal. Any party wishing this Order to remain under permanent seal shall file a motion seeking such relief by 10 November 2010. Any response to such a motion shall be filed by 17 November 2010. In the event no party files a motion to permanently seal this Order by 10 November 2010, the Clerk shall unseal it without further order of the court. In the event a motion to seal is timely filed, this Order shall remain under temporary seal pending ruling on the motion.

SO ORDERED, this 29th day of October 2010.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge

11