# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Civil Action No. 5:09-CV-00205-D

| | |
|---|---|
| LORD CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>S&B TECHNICAL PRODUCTS, INC.,<br>TERRAMIX S.A., and MARK A. WEIH,<br><br>        Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW<br>IN OPPOSITION TO<br>MOTION FOR SANCTIONS** |

Defendants' Motion for Sanctions [Dkt. 393] should be denied. The Motion wrongly alleges that LORD's Memoranda in Opposition to Summary Judgment [Dkt. 370, 371, 373] did not comply with the font size requirements of EDNC Local Rule 10.1, because they allegedly used a font size smaller than Times New Roman 11 point font. *See* Dkt. 393-395. Defendants speculate that LORD used 10 point font, or 10.5 point font, rather than the 11 point font called for in L.R. 10.1, and try to support that assertion with a Declaration in which counsel *manually typed* lines of text in varying font sizes (rather than submitting excerpts of the actual filings).

<u>In fact, all of LORD's Memoranda were set in Times New Roman 11 point font</u>. *See* Declaration of John M. Moye ("Moye Decl.") ¶ 3, 5. In addition to a sworn Declaration, concurrent with this filing LORD is submitting to the Court electronic screen shots of the three (3) Memoranda, in their original native ("Word") format, as drafted and submitted in this case, demonstrating that all three of these documents were set in 11 point font, as required by L.R. 10(1). LORD's filings complied with Local Rule 10.1(a). Defendants have no evidence to the contrary.

As to the page limitation requirements, each of the LORD briefs complied with the thirty page requirement set forth in L.R. 7.2(e). Defendants allege that Rule 7.2 was violated simply because of the location of a signature block. Yet Defendants' complaint rings particularly hollow given Defendants' own violation of the Rule 7.2 requirement that a memoranda in support of a motion "not exceed 30 pages in length." L.R. 7.2(e). In filing their respective summary judgment briefs in December, the three Defendants submitted a total of 105 pages of memoranda (and a total of five separate briefs) in support of their summary judgment motions—15 pages more than the 90 pages permitted under Rule 7.2(e). This approach of "splitting up claims" over multiple motions allowed them to circumvent Local Rule 7.2. Defendants' attempt to invoke that rule now, based on the presence of a signature block in two of LORD's four briefs, is absurd. LORD does not believe it exceeded the 30 page limit by carrying its signature block onto the top of page 31 in two instances, but, in any event, this fact does not in any way support Defendants' argument that they are entitled to *nine additional pages* of briefing.

There is absolutely no basis for the disproportionate sanction Defendants seek in their Motion: *"three additional pages . . . for their replies to each of D.E. 370, 371, and 373."* See Dkt 393 at 1 (emphasis added). Defendants claim that a font size adjustment of somewhere between 0.5 and 1.0 points, and an excess signature block, entitles them to *three* additional pages for *each* of their three Replies—or *nine pages total of additional briefing. Id.* They derive this number based on nothing more than a self-serving estimate. *See* Dkt. 394 at 5 ("Defendants estimate . . . that LORD was able to achieve an additional three (3) pages of substantive argument in each of these Memoranda."). There is simply no basis for granting Defendants nearly 30% of additional briefing pages to respond to LORD's summary judgment filings, based

2

on the incorrect argument that LORD did not adhere to the Local Rules. Defendants' motion should be denied.

## ARGUMENT

### A. LORD's Font Size Is Set in 11 Point Font, and LORD Complied with L.R. 10.1.

LORD's three Memoranda [Dkt. 370, 371, and 373] comply with Local Rule 10.1. Subsection (a) of that rule—captioned "Forms of Pleadings, Motions, and Documents"—provides that "all typed matter appearing [in documents shall be] in at least 11 point font size with one inch margin on all sides." EDNC L.R. 10.1(a).[1]

As set forth in LORD's supporting Declaration, which is being filed contemporaneously herewith, all of the text in the body of LORD's three Memoranda [Dkt. 370, 371, and 373] is set in Times New Roman 11 point font. *See* Moye Decl. ¶ 3.[2] None of the briefs used anything other than 11-point font—as demonstrated by LORD's Declaration and the excerpts from each brief being filed with that Declaration. *Id.* ¶ 5. Defendants' motion—predicated on the argument that LORD used 10 point font or 10.5 point font—is just wrong. *Id.* ¶ 4.

Defendants submit a self-serving Declaration and supporting exhibit in which Defendants' counsel "re-typed" certain lines from LORD's Memoranda, in an attempt to show that LORD used 10 point font and 10.5 point font in its filings. *See* Dkt. 392. Although they contend that this exercise "clearly establishes" that LORD used less than 11 point font in its filings, Dkt. 394 at 2-3, it shows nothing of the sort: LORD did not use these font sizes in its actual filings (which are not included with Defendants' motion).

---

[1] Defendants do not argue that LORD's Memoranda contain anything less than one inch margins on all sides; indeed, LORD's margin size, like its font size, fully complied with Local Rule 10.1 (a).

[2] The secondary footnotes contained in LORD's Memoranda are set in Times New Roman 10 point font, a smaller size appropriate for below-the-line footnotes. *Id.*

3

LORD's concurrently filed Declaration contains electronic screen shots of the three (3) Memoranda, in their original native format and as submitted in this case. These materials reflect that all three of these documents were set in 11 point font, as required by L.R. 10.1.[3]

**B.  Defendants' Argument as to Rule 7.2 is Lacking in Merit.**

Defendants' second argument—that LORD violated Local Rule 7.2's 30-page page limit by carrying over its attorney signature block onto page 31—fares little better.  Their invocation of the 30-page limit contained in Local Rule 7.2(e) rings particularly hollow in light of Defendants' own violation of the Rule by more than *a dozen pages of excess briefing*.  And, as with the Rule 10.1 issue, the sanction Defendants seek—an additional 30% of briefing space, in exchange for a 1/4 inch signature block that appears in *two* of LORD's three briefs—is woefully disproportionate to the rule violation of which Defendants complain.

Defendants concede, as they must, that the "offending text" that is the subject of their Rule 7.2 violation is merely "the signature block, rather than argument." Dkt. 394 at 4.  In fact, the "violation" in question resulted in an extra 7-10 lines of text in two of the four briefs (limited to signature blocks).  Defendants cannot claim to have been prejudiced by LORD's placement of the signature block on a subsequent page.  LORD has no objection if Defendants desire to carry the signature blocks of their Reply briefs onto the top of Page 11 in each of their replies, but it is undisputed that the substantive arguments of LORD's Memoranda in Opposition are plainly within the 30-page limit.

Defendants' convenient reliance on Rule 7.2 is questionable given their own violation of the Rule: the three Defendants in this case filed five (5) separate motions for summary judgment

---

[3] Due to the limitations of the court's electronic filing system (CM/ECF), LORD is unable to file copies of these documents with the Court in their native "Word" format.  However, to the extent the Court would prefer to have copies of these materials in their original Word format, LORD is fully prepared to provide these files to the Court in order to confirm the use of 11 point font.

4

between them, resulting in a total of 105 pages of summary judgment briefing. The three defendants "split" their claims into five separate summary judgment motions, a practice that has been frowned upon by the courts. Given their apparent disregard of Rule 7.2's page limitation, their current motion—based merely on a signature block—rings hollow.

Local Rule 7.2(e) of the Eastern District of North Carolina states that memoranda in support of non-discovery motions "shall not exceed thirty (30) pages in length . . . without prior court approval." Under the plain language of the rule, each party may submit a memorandum "in support" of a dispositive motion of no more than thirty (30) pages.

Federal Rule 56 does not permit a single party to file multiple motions for summary judgment. *See IP Innovation LLC v. Vizio, Inc.*, No. 08-C-393, 2010 WL 2696110, at *1 (N.D.Ill. July 1, 2010) ("Federal Rule of Civil Procedure 56 does not provide a party with the opportunity to file a separate motion for summary judgment for each argument a party desires to present."); *Frye v. Volvo GM Heavy Truck Corp.*, No. 259-cv- 639, 1996 WL 944925, at *3 n.2 (M.D.N.C. Oct. 1, 1996) (rejecting notion that party could file separate summary judgment motions on each claim, and stating that "the court will not entertain piecemeal motions for summary judgment").

In this case, on December 15, 2010, the three Defendants filed five (5) separate motions for summary judgment, each with a corresponding supporting memorandum. Those filings are:

- Defendants' Second Motion for Partial Summary Judgment as to Trademark and Trade Dress Claims, accompanied by a 30-page memorandum of law (Dkt. 346 and 347);

- Defendant Mark A. Weih's Motion for Partial Summary Judgment as Plaintiff's First Claim for Relief [sic], accompanied by a 29-page memorandum of law (Dkt. 353 and 354);

- Motion for Partial Summary Judgment as Plaintiff's Second Claim for Relief [sic], accompanied by a 30-page memorandum of law (Dkt. 355 and 356);

5

- Defendants' Motion for Partial Summary Judgment on Plaintiff's Fifth, Sixth, and Seventh Claims Against All Defendants, accompanied by a 14-page memorandum of law (Dkt. 357 and 358).

- Motion for Partial Summary Judgment on Terramix's First Claim for Relief, accompanied by a two page memorandum incorporating arguments set forth in its motions for partial summary judgment as to Plaintiff's Second, Fifth, Sixth, and Seventh claims for relief and the memoranda in support thereof (Dkt. 359 and 360).

Collectively, therefore, the three named Defendants filed 105 total pages of memoranda, in support of five separate motions for summary judgment.

Not only are "piecemeal summary judgment motions" impermissible, *Frye*, 1996 WL 944925, at *3 n.2, but the courts have held that "Federal Rule of Civil Procedure 56 does not provide a party with the opportunity to file a separate motion for summary judgment for each argument a party desires to present." *IP Innovation LLC*, 2010 WL 2696110, at *1. The courts have made clear that a party should not be permitted to file multiple, separate summary judgment briefs (thereby circumventing the page limitation requirements contained in the local rules). *BPI Energy, Inc. v. IEC Montgomery, LLC*, No. 07-cv-186-DRH, 2009 WL 3518154 at *1 (S.D. Ill. Oct. 28, 2009).

In *BPI Energy*, for example, a federal district court interpreting a similar local rule held that the page limitation in the rule prohibited a single party from filing multiple summary judgment briefs and splitting up their claims into multiple filings (thereby circumventing the explicit page limitations). *See* 2009 WL 3518154 at *1. The court observed that "although a literal reading of the local rule does not specifically prohibit a party from filing more than one summary judgment motion, <u>the rule also does not lend itself to the interpretation that a party may file one supporting brief per issue raised at the summary judgment stage of the proceedings</u>." *Id.* Based on the conclusion that Defendants had violated the page limitation in the local rule by

filing three separate summary judgment briefs, the court struck the motions. *Id.*; *accord DeSena v. Beekley Corp.*, No. 09-352, 2010 WL 1049873, at *1 -2 (D. Me. Mar. 17, 2010) *("Although, as the plaintiffs maintain, they may well have intended in filing six separate summary judgment motions to present segregable issues in an efficient manner rather than to skirt the page limitation of Local Rule 7(e), <u>their approach violates the spirit, if not the substance, of that rule</u>.").*

In this case, the three Defendants have filed five separate motions and 105 pages of briefing, thereby circumventing the page limitations proscribed by Local Rule 7.2.[4] Given their own apparent disregard of the page limitations contained in L.R. Rule 7.2, Defendants' now-convenient reliance on that rule (based on nothing more than a signature block) is highly suspect.

## C. <u>Defendants' Remedy is Grossly Disproportionate to the Alleged Violation.</u>

Not only are Defendants incorrect in arguing that LORD's three memoranda used a font size somewhere between .5 and 1.0 less than the 11-point font called for in Rule 10.1, but Defendants provide no basis for the relief they are seeking: a right to file an additional *nine pages of briefing* in reply to LORD's summary judgment filings. Defendants estimate that LORD's (alleged and non-existent) font size adjustment allowed it "to achieve additional three (3) pages of substantive argument in each of these Memoranda" [Dkt. 394 at 5]—and use that allegation to argue that Defendants should be granted leave to file "three additional pages . . . for their replies **to each of D.E. 370, 371, and 373**." *See* Dkt 393 at 1 (emphasis added). At essence, Defendants request an additional nine (9) pages of summary judgment briefing space— a nearly 30 percent increase in the permissible page length for each of their replies.

Such a remedy would be grossly disproportionate to the "violation" Defendants allege LORD has committed: for a font violation that didn't occur, Defendants now seek *three*

---

[4] Given the volume of Defendants' filings, LORD had no choice but to respond to each of the summary judgment filings in kind—and therefore filed four (4) separate memoranda in opposition, of 30 pages, 30 pages, 30 pages, and 20 pages respectively.

7

*additional pages* per reply brief (*i.e*. 13 rather than 10 pages for each of their three replies). This 30% increase in Defendants' allotted space would significantly prejudice LORD and benefit Defendants, and is wholly disproportionate to the alleged "font size violation" Defendants allege (one which LORD did not in fact commit).

Similarly, Defendants' proposed sanction for the alleged Rule 7.2(e) violation is severely disproportionate. As with the alleged "font size" violation, Defendants request a total of nine additional pages in their summary judgment replies; they seek an additional 30% of briefing space because a 1/4 inch signature block appears on page 31 of **_two_** of LORD's Memoranda. Such a remedy bears no relationship to the violation of which Defendants complain; at most, Defendants should be permitted to carry the signature blocks of their Reply briefs onto the top of Page 11 in each of their replies, certainly not *three pages per Reply*, as they propose.

## **CONCLUSION**

In light of the above, and LORD's supporting Declaration being filed contemporaneously herewith, Defendants' motion for sanctions is wholly lacking in merit, and should be denied.

Respectfully submitted this the 25th day of January, 2011.

            KILPATRICK TOWNSEND & STOCKTON LLP

            /s/ John M. Moye

            Hayden J. Silver III
            NC State Bar 10037
            jaysilver@kilpatricktownsend.com
            Betsy Cook Lanzen
            NC State Bar 25353
            blanzen@kilpatricktownsend.com
            Marina Carreker
            NC State Bar 38086
            mcarreker@kilpatricktownsend.com
            3737 Glenwood Avenue, Suite 400
            Raleigh, NC 27612
            Phone (919) 420-1700
            Fax (919) 420-1800

            *Attorneys for Plaintiff LORD Corp.*

# **CERTIFICATE OF SERVICE**

This is to certify that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System which will automatically send notification of filing to the following CM/ECF participants:

>Reed J. Hollander
>reed.hollander@nelsonmullins.com
>David Harlow
>david.harlow@nelsonmullins.com
>Joseph W. Eason
>joe.eason@nelsonmullins.com
>Stephen D. Martin
>steve.martin@nelsonmullins.com
>
>*Counsel for all Defendants*

This the 25th day of January, 2011.

>/s/ John M. Moye
>Hayden J. Silver III
>NC State Bar 10037
>jaysilver@kilpatricktownsend.com
>Raleigh, NC  27612
>Phone (919) 420-1700
>Fax (919) 420-1800
>*Attorneys for Plaintiff LORD Corp.*