IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-205-D

| | | |
|---|---|---|
| LORD CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S&B TECHNICAL PRODUCTS, | ) | |
| INC., TERRAMIX S.A., and | ) | |
| MARK A. WEIH, | ) | |
| | ) | |
| Defendants. | ) | |

On January 21, 2011, defendants filed a motion [D.E. 395] to file the declaration of Stephen D. Martin and its attached exhibit [D.E. 392] under seal. Before sealing publicly filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection extends only to certain judicial records and documents, such as those filed in connection with a summary judgment motion. Id. Here, defendants filed the document in support of a motion to strike; therefore, the right of access at issue arises under the common law. See Covington v. Semones, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily

outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" Id. (alteration in original) (quoting Rushford v. New Yorker Magazine, Inc., 846F.2d 249, 253 (4th Cir. 1988)). Furthermore, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984).

The document in question [D.E. 392] does not contain confidential business information or other materials subject to trade secret protection. The motion to seal [D.E. 395] is DENIED.

SO ORDERED. This 16 day of February 2011.

JAMES C. DEVER III
United States District Judge