IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-205-D

| | |
|---|---|
| LORD CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| S&B TECHNICAL PRODUCTS, INC., ) | |
| TERRAMIX S.A., and MARK A. WEIH, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the second expedited motion (D.E. 467) by plaintiff Lord Corporation ("plaintiff") to amend the Scheduling Order (*see* D.E. 123 amended at D.E. 168, 207, 301, 303, 344, 416, 455) by extending the deadline for completion of certain products liability discovery. Specifically, plaintiff requests a further extension of the time to obtain discovery from third-party J-M Manufacturing Company, Inc. ("JME"). By order entered 4 March 2011 ("Extension Order") (D.E. 455), the court had previously allowed plaintiff an extension from 11 March 2011 until 25 March 2011 or a total of three weeks from entry of the Extension Order to obtain the discovery from JME. Defendants S&B Technical Products, Inc., Terramix, S.A., and Mark Weih (collectively "defendants") have filed a memorandum (D.E. 471) opposing the further extension requested. The court held a telephone conference with counsel regarding the motion earlier today. The motion will be denied.

By its motion, plaintiff asks that the products liability discovery deadline be extended until JME complies with its subpoena for documents or a ruling is issued on the motion it has filed in the Central District of California to compel compliance with the subpoena, whichever occurs first. The Central District of California, where JME is located and the production was to occur, appears to be

the proper venue for plaintiff's motion to compel. A hearing on the motion is set for 19 April 2011. Thus, plaintiff seeks to hold discovery open for a minimum of almost another month, until at least 19 April 2011, and possibly well beyond that depending on any ruling by the Central District.

The court finds that plaintiff has not made the showing of diligence required for the extension it seeks. Given its longstanding lack of diligence prior to the Extension Order in obtaining discovery from JME, it would have been very difficult for plaintiff to take any action during the extended period allowed that could have justified yet another extension. At the very least, it needed to pursue discovery from JME with urgency during this period. Rather than doing so, however, it continued to rely on JME's assurances of compliance with its discovery requests. It did so notwithstanding the clear import of the Extension Order—to say nothing of its prior failed efforts with JME—that any such continued reliance was unjustifiable.

More specifically, plaintiff did not file its motion to compel in the Central District until 18 March 2011, two weeks into the three-week period allowed under the Extension Order. It attempts to justify some of this delay on its apparent surprise at mandatory pre-filing procedures in the Central District that take a week. But after all the failed attempts to obtain the documents from JME, plaintiff should have been well familiar with the procedures for obtaining relief in the Central District. Moreover, it waited a full week, one-third of the way into the three-week period, to initiate the pre-filing proceedings. JME did produce documents within two days of its Rule 30(b)(6) deposition of JME on 24 March 2011, but plaintiff contends that the production is incomplete.

Even though plaintiff failed to act with the requisite diligence, it has obtained substantial discovery from JME. The number of documents it received from JME totals around 15,000. In addition, as indicated, it was able to take a deposition of JME, albeit one for which it contends

JME's witness was inadequately prepared.[1] Plaintiff itself states that the testimony obtained from JME "completely undermines" key assertions by defendants' expert. (Pl.'s Mem. (D.E. 467) 2).

In addition to these considerations, the court notes that defendants would be prejudiced by the additional extension plaintiff seeks. They completed their discovery within the deadlines set by the court. It would be patently unfair to permit plaintiff seriatim extensions of a discovery deadline it did not meet as a result of its own lack of diligence.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion (D.E. 467) is DENIED in its entirety; and

2. All provisions of the Scheduling Order, including specifically the 25 March 2011 deadline on discovery by plaintiff from JME (*see* D.E. 455 at 2 ¶ 1), remain in full force and effect.

This, the 31st day of March 2011.

James E. Gates
United States Magistrate Judge

---

[1] Plaintiff has not filed a separate motion to compel with respect to the deposition, but states that it intends to present argument on the matter at the 19 April 2011 hearing on the motion to compel document production. The court expresses no opinion on the sufficiency of this strategy.