| | |
|---|---|
| LORD CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **MEMORANDUM AND** |
| | )     **RECOMMENDATION** |
| S&B TECHNICAL PRODUCTS, INC., | ) |
| TERRAMIX S.A., and MARK A. WEIH, | ) |
| | ) |
| Defendants. | ) |

This case comes before the court on the motion (D.E. 359) by defendant Terramix S.A. ("Terramix"), pursuant to Fed. R. Civ. P. 56(a), for partial summary judgment on the first claim for relief in its amended counterclaim (D.E. 325 ¶¶ 106-08). Plaintiff opposes the motion, and it has been fully briefed.[1] It was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* 28 Feb. 2011 entry following D.E. 452).

Terramix's first claim seeks declaratory judgment in favor of Terramix on four claims by plaintiff: the second claim, for trade secret misappropriation in violation of the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152 to -157 (Am. Compl. ¶¶ 63-70); fifth claim, for unfair and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, *et seq.* (Am. Compl. ¶¶ 83-91); sixth claim, for common law unfair competition under North Carolina law (*id.* ¶¶ 92-98); and seventh claim, for civil conspiracy also under North Carolina law (*id.* ¶¶ 99-102). Terramix bases its motion on the premise

---

[1] In support of its motion, Terramix filed a memorandum (D.E. 360) which incorporates by reference its separately filed motions that seek summary judgment on plaintiff's second, fifth, six, and seventh claims for relief. Plaintiff relies in opposition on the memorandum (D.E. 370) it filed in response to the other pending motions. No reply memorandum was filed.

that the court's anticipated allowance of the separately filed motions by it and the other defendants for summary judgment seeking dismissal of these claims (D.E. 355 (misappropriation claim), D.E. 357 (other claims)) also warrants summary judgment on its declaratory judgment claim.

In fact, of course, it has been recommended that these other motions be denied because of the presence of genuine issues of material fact. (*See* Mem. & Recs. at D.E. 577 (misappropriation claim), D.E. 578 (other claims)). Based on the determinations and analyses set out in these other Memorandum and Recommendations, which are adopted for purposes of this Memorandum and Recommendation, the court concludes that there are genuine issues of material fact with respect to the first claim, for a declaratory judgment, in Terramix's amended counterclaim. It is therefore RECOMMENDED that Terramix's instant motion, for summary judgment on that claim, be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 18 August 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections are due no later than 10 days from service of the objections or 29 August 2011, whichever is earlier (subject to Fed. R. Civ. P. 6(a)(1)(C)).

SO ORDERED, this 8th day of August 2011.

James E. Gates
United States Magistrate Judge