IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-205-D

| | |
|---|---|
| LORD CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| S&B TECHNICAL PRODUCTS, INC., ) | |
| TERRAMIX S.A., and MARK A. WEIH, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the unopposed motion (D.E. 469) by plaintiff Lord Corporation, Inc. to have permanently sealed several documents filed in connection with this lawsuit, specifically, its expedited motion to amend the scheduling order (D.E. 467) and supporting documents, including a declaration (D.E. 468) and exhibits (D.E. 468-1 through 468-8). The motion is supported by a memorandum (D.E. 470). For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the documents sought to be sealed have been filed in connection with a motion to amend the scheduling order, and not in support of any motions that seek dispositive relief, and therefore the right of access at issue

arises under the common law. *See Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, plaintiff has demonstrated that the documents in question contain confidential and proprietary commercially sensitive information, including trade secrets and other information relating to the chemical formulation and particular grades of constituent materials used in the parties' products as well as confidential information relating to a nonparty to this action, information that is of utmost importance to the parties and the nonparty but not generally available to the public. Based on this showing, the court finds that the presumption of access to the documents has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 25 March

2011. No opposition to the motion has been filed by any party or nonparty despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Here, the court finds that the documents in question contain confidential business information and other materials subject to trade secret protection and not generally available to the public, and that alternatives to sealing it do not exist at the present time.

## CONCLUSION

For the foregoing reasons, the motion to seal (D.E. 469) is ALLOWED. The document at D.E. 467 and 468, including the exhibits filed under D.E. 468 as previously identified, shall be maintained under permanent seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

SO ORDERED, this 15 day of March 2012.

James E. Gates
United States Magistrate Judge