IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-205-D

| | | |
|---|---|---|
| LORD CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S&B TECHNICAL PRODUCTS, INC., | ) | |
| TERRAMIX S.A., and MARK A. WEIH, | ) | |
| | ) | |
| Defendants. | ) | |

On April 28, 2011, Lord Corporation ("Lord" or "plaintiff") filed a motion in limine to exclude the opinions and testimony of Ronald J. Lewarchik ("Lewarchik") [D.E. 494]. On June 2, 2011, defendants S&B Technical Products, Inc. ("S&B"), Terramix S.A. ("Terramix"), and Mark A. Weih ("Weih") (collectively, "defendants") responded in opposition [D.E. 539–41]. On June 16, 2011, Lord replied [D.E. 556]. On June 29, 2011, the court referred the motion to Magistrate Judge Gates for a memorandum and recommendation. On February 3, 2012, Judge Gates issued a memorandum and recommendation ("M&R") [D.E. 615]. Judge Gates recommended that the court grant in part and deny in part Lord's motion. Id. 1, 16. On February 17, 2012, Lord objected to the M&R. Pl.'s Obj. [D.E. 618]. On February 29, 2012, defendants responded to Lord's objection. Defs.' Resp. [D.E. 631].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Lord's objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Lord objected. First, Lord objects to Judge Gates's conclusion that Lewarchik's opinions and proposed testimony about Terramix's development of its primer and adhesive product, Kemibond, are admissible. Pl.'s Obj. 4–10; see M&R 8–14, 16. Lord first argues that the proposed evidence is inadmissible because it stems from a flawed methodology. Pl.'s Obj. 4–8; see Fed. R. Evid. 702. Lord also argues that the court should apply Federal Rule of Evidence 403 to exclude the proposed evidence. Pl.'s Obj. 9–10; see Fed. R. Evid. 403. Judge Gates addressed these arguments in the M&R. See M&R 8–14, 16.

This court reserves ruling under Federal Rule of Evidence 403 until trial. Otherwise, the court agrees with Judge Gates's conclusion.

Next, Lord objects to Judge Gates's recommendation that the court allow Lewarchik to testify regarding certain record-keeping practices. Pl.'s Obj. 10–11; see M&R 13–14. Lord argues that this evidence is nothing more than "subjective speculations that are not supported by the facts." Pl.'s Obj. 11. The record establishes that Lewarchik has sufficient knowledge to offer an expert opinion on this topic. See M&R 14. Therefore, this objection is overruled. Again, however, the court reserves ruling under Federal Rule of Evidence 403.

In sum, the court OVERRULES Lord's objections [D.E. 618] and adopts the M&R's conclusions [D.E. 615]. Plaintiff's motion in limine to exclude the opinion and testimony of Ronald J. Lewarchik [D.E. 494] is GRANTED IN PART as to evidence pertaining to Terramix's reporting and record-keeping practices, the legal sufficiency of Lord's patents, or Lord's corporate culture, and DENIED IN PART as to Ronald J. Lewarchik's other opinions and proposed testimony. The court reserves ruling under Federal Rule of Evidence 403 as to the non-excluded opinions and proposed testimony of Lewarchik.

SO ORDERED. This 22 day of March 2012.

                                                JAMES C. DEVER III
                                                Chief United States District Judge