IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-205-D

| | |
|---|---|
| LORD CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| S&B TECHNICAL PRODUCTS, INC., ) | |
| TERRAMIX S.A., and MARK A. WEIH, ) | |
| ) | |
| Defendants. ) | |

On April 11, 2011, Lord Corporation ("Lord" or "plaintiff") filed a motion for summary judgment and partial summary judgment on Terramix S.A.'s ("Terramix" or "defendant") second, third, fourth, and fifth amended counterclaims [D.E. 476]. On May 12, 2011, Terramix responded in opposition [D.E. 514–15]. On May 25, 2011, Lord replied [D.E. 535]. On July 5, 2011, the court referred the motion to Magistrate Judge Gates for a memorandum and recommendation [D.E. 563]. On February 17, 2012, Judge Gates issued a memorandum and recommendation ("M&R") [D.E. 621]. In the M&R, Judge Gates recommended that the court grant in part and deny in part Lord's motion. Id. 1, 42. On February 27, 2012, Terramix objected to the M&R. Def.'s Obj. [D.E. 627]. Lord also objected to the M&R. Pl.'s Obj. [D.E. 624]. On March 5, 2012, Lord responded to Terramix's objection, Pl.'s Resp. [D.E. 644], and Terramix responded to Lord's objection. Def.'s Resp. [D.E. 647].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the objections. As for those portions of the M&R to which no party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which the parties objected. Terramix objects to Judge Gates's conclusion that Terramix's second amended counterclaim is time-barred. Def.'s Obj. 1; see M&R 22–26. In support, Terramix argues that this counterclaim is compulsory pursuant to Federal Rule of Civil Procedure 13(a). Def.'s Obj. 2–6. Because compulsory counterclaims relate back to a complaint's filing, see Kirkpatrick v. Lenoir Cnty. Bd. of Educ., 216 F.3d 380, 388 (4th Cir. 2000), Terramix contends that its counterclaim is timely. Def.'s Obj. 2–8. Assuming without deciding that Terramix's counterclaim relates back to May 9, 2009, when Lord filed its complaint [D.E. 1], Terramix's counterclaim is untimely. The counterclaim accrued in April 2005. See M&R 24–26. Thus, the applicable limitations period elapsed in April 2009. See id.; see also N.C. Gen. Stat. § 25-2-725(1)–(2). In opposition, Terramix argues that the parties agreed on April 8, 2009, to toll the limitations period until May 11, 2009. Def.'s Obj. 6–8; see Marotta Decl. [D.E. 60], Ex. A ("Standstill Agreement"). However, the document that Terramix cites does not include express language reflecting such an agreement. See Standstill Agreement. Accordingly, this objection is overruled. Additionally, the court finds no error in the portions of the M&R to which Lord objects, and therefore overrules Lord's objections.

In sum, the court OVERRULES the objections [D.E. 624, 627] and adopts the conclusions in the M&R [D.E. 621]. As set forth in the M&R, plaintiff's motion for partial summary judgment [D.E. 476] is GRANTED IN PART and DENIED IN PART.

SO ORDERED. This 22 day of March 2012.

JAMES C. DEVER III
Chief United States District Judge

2