IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-205-D

| | | |
|---|---|---|
| LORD CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S&B TECHNICAL PRODUCTS, INC., | ) | |
| TERRAMIX S.A., and MARK A. WEIH, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the unopposed motion (D.E. 490) by plaintiff Lord Corporation, Inc. to have permanently sealed several documents filed in connection with this lawsuit, specifically, its motion for summary judgment and partial summary judgment as to Terramix's second, third, fourth, and fifth counterclaims for relief and supporting materials.[1] The motion is supported by a memorandum (D.E. 491). For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for

---

[1] Specifically, the documents in question include plaintiff's motion (D.E. 476), memorandum (D.E. 477), declarations (D.E. 486; D.E. 487; D.E. 488; D.E. 489; D.E. 492), and other exhibits (D.E. 478-1 through 478-15; D.E. 479-1 through 479-5; D.E. 480-1 through 480-6; D.E. 481-1 through 481-5; D.E. 482-1 through 482-2; D.E. 483-1; D.E. 484-1 through 484-3; D.E. 485-1; D.E. 486-1 through 486-4; D.E. 487-1 through 487-7; D.E. 489-1 through 489-2; D.E. 492-1 through 492-4).

example, those filed in connection with a summary judgment motion. *Id.* Here, as noted the documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief, and therefore the right of access at issue arises under the First Amendment. *See Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, the parties have demonstrated that the documents in question contain confidential and proprietary commercial information, including information relating to alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as nonparties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters. Based on this showing, the court finds that the presumption of access has been overcome. *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *Woven Elec. Corp. v. Advance Group, Inc.*, 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. 6 May 1991) (holding that district court could have closed courtroom and sealed trial record to protect trade secrets); *Wolfe v.*

2

*Green*, No. 2:08-1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overridden with respect to proposed redactions that included personal financial information); *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581-82 (E.D. Va. 2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them.").

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 15 March 2011. No opposition to the motion has been filed by any party or nonparty despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Here, the court finds that the documents in question contain confidential business and financial information and other materials subject to trade secret protection and not generally available to the public, and that alternatives to sealing them do not exist at the present time.

## CONCLUSION

For the foregoing reasons, the motion to seal (D.E. 490) is ALLOWED. The documents at D.E. 476 to 489, and at D.E. 492, as identified above, shall be maintained under permanent seal in accordance with Local Civil Rule 79.2(b), E.D.N.C.

SO ORDERED, this 22 day of March 2012.

James E. Gates
United States Magistrate Judge

3

Case 5:09-cv-00205-D   Document 679   Filed 03/22/12   Page 3 of 3